```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**OTTO BERK,** *et al.*,

     **Plaintiffs,**

   **vs.**                      **Civil Action 2:10-CV-1082**
                                    **Judge Frost**
                                    **Magistrate Judge King**

**ERNIE MOORE, DIRECTOR,** *et al.*,

     **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiffs, three inmates at the Marion Correctional Institution ["MCI"] who were convicted of criminal offenses prior to 1996, bring this action for declaratory and injunctive relief under 42 U.S.C. §1983 alleging that the retroactive application to them of Ohio's current parole laws and guidelines violates the due process and *ex post facto* clauses of the United States Constitution as well as the Ohio Constitution. This matter is now before the Court on defendants' motion to dismiss the claims of plaintiffs Jeff Blair and Don Hall for misjoinder pursuant to Fed. R. Civ. P. 20, Doc. No. 24, and on plaintiffs' motion for default, Doc. No. 28.

Rule 20(a)(1) of the Federal Rules of Civil Procedure provides that persons may be joined as plaintiffs in an action if

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Moreover, Fed. R. Civ. P. 21 makes clear that a court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The handling of misjoined claims falls

within the broad discretion of the trial court.  *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

Defendants contend that the three named plaintiffs have improperly joined their claims in this action:

> Plaintiffs Berk, Blair and Hall each bring very different factual backgrounds to this case.  Each was convicted of different crimes under different circumstances. . . . Each had separate parole suitability hearings where unique information was considered by the [Ohio Parole] Board . . . . Plaintiffs were denied release on parole at different hearings. . . .  Allowing Plaintiffs with extraordinarily diverse backgrounds to proceed together in an *ex post facto*/parole case conflicts with the individualized nature of such cases and would create problems that this Court and the Sixth Circuit routinely seek to avoid. . . . .

*Defendants' Motion to Dismiss without Prejudice Plaintiffs Blair and Hall for Misjoinder*, at 3-4.  This Court recently held, in granting motions for leave to intervene filed by other inmates, that "the . . . challenge to the retroactive application of current parole laws and regulations to persons convicted prior to 1996 presents [common] questions of law and fact" and that resolution of the various claims "will be based primarily on issues of law."  *Opinion and Order*, Doc. No. 45, at 6.  That same reasoning persuades this Court that, notwithstanding the different details surrounding each plaintiff's parole hearings, the claims of all three named plaintiffs arise out of the same transaction or occurrence or series of transactions or occurrences, and that a common, fundamental question of law – *i.e.*, may current parole laws and regulations be retroactively applied to plaintiffs – will arise in the action.  The Court therefore concludes that the claims of the three named plaintiffs were properly joined in

this action. It follows that defendants' motion to dismiss for misjoinder is without merit.

Plaintiffs have asked that defendants' default be entered because defendants failed to timely respond to the *Complaint*. Doc. No. 28. However, on March 1, 2011, this Court granted defendants' motions to stay their response to the *Complaint* pending resolution of their motion to dismiss. *Order,* Doc. No. 37. Thus, defendants are not in default for response to the *Complaint*. Plaintiffs' motion for default is therefore without merit.

It is therefore **RECOMMENDED** that defendants' motion to dismiss for misjoinder, Doc. No. 24, be denied and that plaintiffs' motion for default, Doc. No. 28, be likewise denied.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United*

*States v. Walters,*  638 F.2d 947 (6th Cir. 1981).

                                             *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge

May 16, 2011