IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OTTO BERK,** *et al.***,**

    **Plaintiffs,**

    vs.                                    Civil Action 2:10-CV-1082
                                                  Judge Frost
                                                  Magistrate Judge King

**ERNIE MOORE, DIRECTOR,** *et al.***,**

    **Defendants.**

<u>**OPINION AND ORDER**</u>

    Plaintiffs bring this action for declaratory and injunctive relief under 42 U.S.C. § 1983, alleging that the retroactive application of Ohio's current parole laws and guidelines violate the due process and *ex post facto* clauses of the United States Constitution as well as the Ohio Constitution.  This matter is now before the court on eleven motions for joinder.  Doc. Nos. 51, 52, 55, 56, 57, 61, 69, 70, 71, 72, 73. Also before the Court are motions for leave to supplement certain motions for joinder.  Doc. Nos. 74, 75, 76, 77, 78, 79, 80.

    The motions for leave to supplement certain motions for joinder simply reaffirm the positions adopted in the motions for leave for joinder.  The motions for leave to supplement are **GRANTED**.  However, for the reasons stated *infra*, the motions for joinder will be denied.

**I.  Background**

    Plaintiffs Otto Berk, Jeff Blair and Don Hall filed the original *Complaint* in this action on December 3, 2010.  *Complaint*, Doc. No. 2. On May 9, 2011, this Court granted the motions for leave to intervene filed by Lester Keran, Gary Calhoun, Marshall Banks, and Jack Beatty. *Opinion and Order*, Doc. No. 45, p.6.  All current plaintiffs except one are inmates in Marion Correctional Institution.  Plaintiff Beatty is an inmate in Grafton Correctional Facility.  All were convicted prior to

1996.

This Court also ordered the original and intervening plaintiffs, who are proceeding without the assistance of counsel, to file within 30 days an amended complaint personally signed by each.  *Id.*, p.7; *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). On June 1, 2011, six of the seven plaintiffs filed an amended complaint. *Amended Complaint*, Doc. No. 53.  Each of these six plaintiffs personally signed an "affidavit of veracity" that preceded the *Amended Complaint*, but only the original three plaintiffs signed the request for relief. *Id.*, pp. 2, 17.  Plaintiff Beatty did not sign any part of this *Amended Complaint*.  *Id.*[1] On June 29, 2011, plaintiff Beatty filed signature pages that included his signature in connection with (1) the request for relief in the *Amended Complaint* and (2) a motion for summary judgment filed by the other six plaintiffs.  *Signature of Jack Beatty*, Doc. No. 68.

In the months following this Court's order granting the motions for leave to intervene, eleven more individuals filed motions for joinder. Doc. Nos. 51, 52, 55, 56, 57, 61, 69, 70, 71, 72, and 73.  Movants Andrew Beaman, Bernard Sandella, Thomas Paxton, Raymond Howard, Fred Scott, Charles McGowan, James Cooper, Eric Davis, and Earl Hill are inmates in Grafton Correctional Institution.  David Palmer and Ralph Leading are inmates in Richland Correctional Institution.

---

[1] On June 22, 2011, the same six plaintiffs filed a motion seeking to correct or re-amend the *Amended Complaint* to include three missing signatures in the request for relief.  *Plaintiff's Request Correction for Errors and Omissions* [sic], Doc. No. 64. That motion remains for resolution.

**II. Analysis**

Although the motions are denominated motions for joinder, the Court concludes that the motions are appropriately considered as motions for leave to intervene under Fed. R. Civ. P. 24.

**A. Intervention of Right**

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention of right, providing as follows:

> On timely motion, the court must permit anyone to intervene who:
>
> \*          \*          \*          \*
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Sixth Circuit requires that a proposed intervenor satisfy four factors before establishing a right to intervene under this provision:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). "'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'" *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Even if the movants were able to establish each of the first three factors, they would fail to establish entitlement to intervention of

right, because they cannot prove that their interests may be impaired in the absence of intervention. *See Coal. to Defend Affirmative Action*, 501 F.3d at 779. The denial of the motions for leave to intervene would not, of course, preclude the movants from pursuing their claims in separate litigation. Therefore, the Court is not persuaded that the proposed intervenors' interests will be impaired absent intervention. Because the movants cannot establish each of the factors required for intervention as of right, the Court concludes that, to the extent that the motions seek leave to intervene as of right pursuant to Rule 24(a), the motions are without merit. *See United States v. Michigan*, 424 F.3d at 443.

**B.  Permissive Intervention**

Fed. R. Civ. P. 24(b) provides, in pertinent part:

(1) *In General*. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1). Whether an applicant will be permitted to intervene under Rule 24(b) falls within the sound discretion of the trial court. *Cf. Coal. to Defend Affirmative Action*, 501 F.3d at 784 ("The denial of permissive intervention should be reversed only for clear abuse of discretion[.]") (internal quotation marks and citations omitted). "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d at 444 (citing *Miller*, 103 F.3d at 1248). Even if a movant establishes that the motion is timely and alleges a common question of law, the district court must then take into account "undue delay and prejudice to the

4

original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*. at 445.

The current plaintiffs do not oppose the motions for leave to intervene. Defendants oppose the motions, however, on the basis of two arguments: (1) "*Ex Post Facto* claims require highly individualized determinations of law and fact"; and (2) "By its very nature, incarceration will severely limit Plaintiffs' and Applicants' ability to communicate with one another, sign pleadings and prosecute this case in a fair and efficient manner." *Memorandum in Opposition*, Doc. No. 59, pp. 1-2. In granting the earlier motions for leave to intervene, this Court rejected the first argument, noting that defendants failed to explain *how* such claims require "individualized determinations of law and fact." *Opinion and Order,* p. 6. Because defendants again fail to provide any additional details, the Court again rejects that argument here.

However, this Court agrees that granting the motions for leave to intervene would create undue delay and potential prejudice to the original parties, including defendants. It is clear that there are already significant communication problems between the plaintiffs. Plaintiff Beatty failed to sign the *Amended Complaint* as directed within the required period of time, *see* Doc. No. 53, and he did not sign subsequent filings submitted by the other six plaintiffs, *see* Doc. Nos. 62, 64, 65.[2] The *pro se* status of plaintiffs and the proposed interveners, and the fact that the plaintiffs and the proposed interveners are incarcerated in a number of different institutions, will

---

[2] As noted *supra*, plaintiff Beatty subsequently submitted his signature in connection with the *Amended Complaint* and motion for summary judgment. Doc. No. 68.

5

only aggravate the already-apparent communication problems. In light of existing and potential logistical problems presented by an ever-expanding group of *pro se* inmate plaintiffs, this Court concludes that there is sufficient risk of delay and prejudice to the parties to warrant denial of the motions for leave to intervene.

**WHEREUPON,** the motions for leave to supplement certain motions for joinder, Doc. Nos. 74, 75, 76, 77, 78, 79, 80, are **GRANTED**. The motions for leave to intervene, Doc. Nos. 51, 52, 55, 56, 57, 61, 69, 70, 71, 72, and 73, are **DENIED.**

                                                    *s/Norah McCann King*
                                                            Norah M$^c$Cann King
                                                       United States Magistrate Judge

September 22, 2011
(Date)