IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OTTO BERK,** *et al.***,**

    **Plaintiff,**

    vs.                                                             Civil Action 2:10-CV-1082
                                                                        Judge Frost
                                                                        Magistrate Judge King

**ERNIE MOORE, DIRECTOR,** *et al.***,**

    **Defendants.**

## ORDER

    The Magistrate Judge recommended that Defendants' motion for judgment on the pleadings, ECF. No. 85, be denied as to Plaintiffs' *ex post facto* claims but granted in all other respects. *Order and Report and Recommendation,* ECF. No. 139. On August 31, 2012, this Court granted defendants' objections to that recommendation as it related to the *ex post facto* claims, adopted and affirmed the *Report and Recommendation* in all other respects and granted in its entirety defendants' motion for judgment on the pleadings. *Opinion and Order*, ECF. No. 153. Final judgment was entered that same date. *Judgment*, ECF. No. 154. This matter is now before the Court on Plaintiff Hall's motion to reconsider the judgment entered in this case. ECF. No. 159.[1]

    In his motion to reconsider, Plaintiff Hall complains, first, that he is entitled to discovery. More specifically, he argues that Defendants are in contempt of the *Order and Report and Recommendation*, ECF. No. 139, at 19-23, which addressed issues of discovery, even though defendants filed a motion to stay discovery, ECF. No. 145.

---

[1] Notwithstanding the prior directive that Defendants file some response to every motion, *Order and Report and Recommendation*, ECF. No. 139, at 2, 24-25, Defendants have nevertheless failed to respond to Plaintiff Hall's motion to reconsider.

ECF. No. 159, at 5-6. This objection is not well taken. As Plaintiff Hall concedes, Defendants filed a motion to stay discovery shortly after the Magistrate Judge extended the discovery deadline in the case. However, The Court later granted in its entirety Defendants' motion for judgment on the pleadings, *Opinion and Order*, at 18, however, thereby obviating the need for discovery in this case. Based on this record, Plaintiff Hall is not entitled to discovery and has not shown that Defendants are in contempt of a Court order.

Second, Plaintiff Hall disagrees with various statements and/or arguments made in Defendants' objections to the *Order and Report and Recommendation*. ECF. No. 159, at 6-7. The Court has already entertained Defendants' objections, however, and remains convinced that its resolution of those objections was proper. *See Opinion and Order*, ECF. No. 153.

Third, Plaintiff Hall reiterates his assertion that "the 2010 Handbook is a tergiversate Handbook[,]" setting forth several reasons in support of his position. ECF. No. 159, at 7. Again, this Court has already addressed this allegation, *Opinion and Order*, ECF. No. 153, and is not persuaded that its judgment was entered in error.

Finally, Plaintiff Hall insists that various parole guidelines, manuals and matrices, and Senate Bill 2 increased the length of his incarceration in violation of the *ex post facto* clause of the United States Constitution. ECF. No. 159, pp. 8-10. As the Court reasoned in granting Defendants' motion for judgment on the pleadings, however, "[P]laintiffs have failed to state a colorable claim under the *ex post facto* clause of the United States Constitution." *Opinion and Order*, ECF. No. 153, at 18. The Court remains convinced that Defendants' motion for judgment on the pleadings is meritorious; Plaintiff Hall

has not persuaded the Court that final judgment was entered in error.

Accordingly, the Court **DENIES** plaintiff Hall's motion to reconsider.  ECF. No. 159.

      /s/ Gregory L. Frost
     GREGORY L. FROST
UNITED STATES DISTRICT JUDGE